**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CAROLYN RUSSELL**                                                                                    **PLAINTIFF**

**v.**                                   **CASE NO. 4:05-CV-642 GTE**

**UNUM LIFE INSURANCE COMPANY OF AMERICA**                          **DEFENDANT**

**ORDER ON CROSS MOTIONS FOR JUDGMENT ON THE RECORD**

This case arises under the Employment Retirement Income Security Act ("ERISA"). Plaintiff appeals the denial of benefits under the Long Term Disability Insurance Plan (hereinafter "LTD Plan"). Presently before the Court is Plaintiff's Motion for Judgment on the Administrative Record and Defendant's Motion for Summary Judgment. As Defendant's Motion requests judgment in its favor based upon a review of the administrative record, the Court will consider Defendant's Motion for Summary Judgment as, instead, a Motion for Judgment on the Administrative Record.

**I. Background**

Plaintiff Carolyn Russell was employed by Baptist Health as a phlebotomist. Ms. Russell was eligible for long-term disability benefits under the Baptist Medical Systems Long-Term Disability Plan ("the Plan") underwritten by Defendant Unum Life Insurance Company of America ("Unum").

Ms. Russell submitted a long-term disability claim on May 1, 2003 stating that she had been unable to work since May 9, 2002 as a result of intractable epilepsy and insomnia. In her

claim, Ms. Russell described her condition as epilepsy, numbness in both arms, and insomnia. She stated that she was physically unable to perform her occupational duties because her hands and body were not steady. (AR117). Unum denied Ms. Russell's claim by letter dated August 20, 2003. Ms. Russell submitted a letter of appeal on October 16, 2003. Unum denied the appeal on February 24, 2004. Ms. Russell requested a reconsideration of the denial on April 8, 2004. Unum upheld the denial of the claim on June 1, 2004.

One of Ms. Russell's treating physicians, Dr. Alonzo Burba, a neurologist with Arkansas Neurodiagnostic Center, stated in his treating physician's statement that Ms. Russell suffered from seizures and insomnia and that she was restricted from driving. At Dr. Burba's recommendation, Ms. Russell underwent an MRI on July 24, 2001. The MRI of her brain was found to be unremarkable with no signal abnormality. (AR414). An EEG and EMG of Ms. Russell were taken on August 1, 2001. Dr. Burba noted the abnormal EEG was characterized by some sharply contoured activity arising from the right central parietal region of the brain which would represent an interictal finding in a focal onset epileptiform disorder, but is non-specific. (AR415). The EMG tested within normal limits. (AR416).

Dr. Beth Milligan of Lakewood Family Medicine submitted a letter to Plaintiff's counsel on December 2, 2004 stating that Dr. Burba had diagnosed Ms. Russell with epilepsy and that she was being treated for hypertension and severe depression with medication. (AR387). Dr. Milligan noted that Ms. Russell's medications cause sedation and make her feel fatigued and opined that Ms. Russell "will be unable to ever hold any meaningful labor." For further information on Ms. Russell's seizure disorder, Dr. Milligan references Dr. Burba's notes.

Ms. Russell saw Dr. Willis Courtney of Arkansas Neurology & Epilepsy Diagnostic Testing Center on September 9, 2002. Dr. Courtney assessed her with intractable epilepsy,

episodic altered mental status, and bilateral hand and leg numbness, and conducted six ambulatory EEG studies from September 9-14, 2002. Four of these studies resulted in an unremarkable record, and two were suggestive of a structural lesion in the left hemisphere with the possibility of an epileptogenic focus. (AR190-92). However, Dr. Courtney noted that Ms. Russell did not experience any clinical events during these readings. (AR188-89).

**II. Standard of Review**

District courts review an ERISA plan administrator's decision to terminate benefits *de novo*, unless the benefits plan vests the administrator with the discretionary authority to determine benefits eligibility or to interpret the terms of the plan. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 957-58 (1989). Where the plan administrator has such discretionary powers, courts review a denial-of-benefits claim with a deferential eye, overturning the administrator's decision only if it was "arbitrary and capricious". *See*, *e.g.*, *Lickteig v. Business Men's Assur. Co. of America*, 61 F.3d 579, 583 (8th Cir. 1995).

The parties do not dispute that the benefits plan here gives Defendant Unum the discretionary authority to determine eligibility of benefits and to interpret plans. However, Plaintiff argues that the Court should apply a *de novo* standard of review because of Unum's conflict of interest and bias, as demonstrated by its reliance on its medical consultant without seeking an independent medical examination.

"A claimant must offer evidence that 'gives rise to serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim' for us to apply the less deferential standard. To invoke this standard, any alleged procedural irregularity must be so egregious that it might create a "total lack of faith in the integrity of the decision making

- 3 -

process." *Hillery v. Metropolitan Life Ins. Co.*, 453 F.3d 1087, 1090 (8th Cir. 2006) (quotations removed).

In support of the alleged procedural irregularity, Plaintiff submitted the Report of the Targeted Multistate Market Conduct Examination ("Multistate Report"), which outlines a number of concerns that the state examiners had with the claims handling processes of certain insurance companies, including Defendant Unum, and how such practices might cause valid claims to be denied.[1] The Multistate Report, in and of itself, provides no evidence supporting a finding that Ms. Russell was denied long-term disability benefits due to a conflict of interest or procedural irregularity. Some courts have found that the Multistate Report alone provided a sufficient basis for additional discovery into the issue of a conflict of interest or procedural irregularity. *See*, *e.g.*, *Samedy v. First UNUM Life Ins. Co. of America*, 2006 WL 624889 (E.D.N.Y. March 10, 2006) ("While defendant correctly asserts that neither the Nee declaration nor the report are relevant to the issue of whether the specific denial of benefits to plaintiff was influenced by a conflict of interest, they provide a minimally sufficient basis to grant plaintiff limited discovery. Under limited circumstances, a plaintiff is permitted to look outside the four corners of the administrative record for this information regarding a conflict of interest because 'direct evidence of a conflict is rarely likely to appear in any plan administrator's decision.'").

Plaintiff's allegation and the Multistate Report may raise questions about Defendant Unum's investigation of Ms. Russell's disability claim, but the Court finds no grounds for applying the less deferential standard of review. Accordingly, the Court concludes that Unum's

---

[1] The report outlined concerns with the following practices in the denial of disability claims: (i) "excessive reliance upon in-house medical professionals"; (ii) "unfair construction of attending physician or IME reports"; (iii) "failure to evaluate the totality of the claimant's medical condition"; and (iv) "inappropriate burden placed on claimants to justify eligibility for benefits.

denial of benefits determination is entitled to a deferential review for abuse of discretion.

**III. Analysis**

In applying the deferential standard of review of a denial of disability benefits determination, the Court must consider whether a "'reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision.'" *Ferrari v. Teachers Ins. and Annuity Association*, 278 F.3d 801, 807 (8th Cir. 2002) (*quoting Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637, 641 (8th Cir.1997)). "In evaluating reasonableness, the court determines 'whether the decision is supported by substantial evidence which is more than a scintilla, but less than a preponderance.'" *Id.* (*quoting Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998)).

Defendant Unum denied Ms. Russell's disability claim because her physician listed her only restriction as "no driving" and because her medical records failed to contain objective evidence of a disability supporting her claim. Plaintiff contends that this "was a sham and was based on selective evidence." (Plaintiff's Brief in Support of Judgment on the Record, p. 9, Dkt. #10). Specifically, Plaintiff argues that Unum disregarded evidence from a former co-worker of Ms. Russell's who stated that Ms. Russell had short-term memory problems, would repeat herself in conversation, and fail to comprehend things. (AR287). Unum's letter focused on two grounds for denying Mr. Russell's disability claim: (i) the lack of documented seizure activity in her EEG testing; and (ii) the restriction and limitation of "no driving" does not hinder Ms. Russell's capacity to work because her occupation does not require driving. (AR284). While Unum did not address the co-worker's statement as evidence of a disability, the Court cannot find that this omission renders Unum's decision arbitrary and capricious or unreasonable. The co-worker

- 5 -

provided vague assessments of Ms. Russell's lucidity and memory, and no observations relating to epilepsy or seizures. Additionally, the initial denial letter offered Ms. Russell with the opportunity to appeal and to supplement the record with additional medical information regarding her disabling conditions.

On appeal, Plaintiff argues that Defendant "arbitrarily refused to credit the opinions of Drs. Burba, Courtney, and Milligan, while giving substantial weight to the 'paper reviewing' Dr. Nueren." (Plaintiff's Brief in Support of Judgment on the Record, p. 13, Dkt. #10). It appears that Dr. Neuren reviewed Plaintiff's medical records for evidence supporting the claimed condition of intractable epilepsy. Dr. Neuren noted that no seizures were observed during several days of continuous monitoring of Ms. Russell, and that "[i]t is medically improbable that an individual having seizures with a high frequency (intractable epilepsy) would not demonstrate this with prolonged monitoring over days."(AR307). Dr. Neuren also noted that the abnormalities found in the electrodiagnostic study were mild and not associated with significant symptomology and that the complaints of numbness was a common side-effect associated with higher does of Topamax which Ms. Russell was taking at the time. (AR307). With Dr. Neuren's evaluation, Defendant Unum determined that Ms. Russell's claimed "intractable epilepsy" was not supported with objective medical evidence and was "essentially based on self-report." (AR376).

The administrative record appears to support Unum's conclusion. Unum required objective medical evidence showing that Ms. Russell suffered from epilepsy or was otherwise disabled, but the medical records present little such evidence. Dr. Burba's EEG of Ms. Russell was abnormal, which "could represent an interictal finding in a focal onset epileptiform disorder". (AR415). However, Dr. Burba does not indicate the extent of the effect on Ms. Russell's physical or mental abilities. He did note that Ms. Russell suffers from insomnia,

- 6 -

tremors and slurred speech in addition to "intractable epilepsy", but listed only "no driving" in the Attending Physician's Statement as a restriction or limitation.

Dr. Courtney conducted testing over six days, but only two of the studies provided abnormal recordings, one of which recommended additional testing and the other required further clarification. (AR188-89). Ms. Russell did not experience any clinical events during the monitoring. Dr. Courtney's notes do not provide any more clarification as to the restrictions upon Ms. Russell's functional capacities.

Dr. Milligan's notes are no more illuminating in this regard. In a letter addressed to Plaintiff's counsel, Dr. Milligan states that Ms. Russell is receiving medication for epilepsy, hypertension, and severe depression, and explains the causes of these conditions are "idiopathic", while concluding that Ms. Russell "will be unable to ever hold any meaningful labor." (AR387). Dr. Milligan does not explain why or to what extent Ms. Russell is limited from working.

The Eighth Circuit has clearly stated that "[i]t is not unreasonable for a plan administrator to deny benefits based upon a lack of objective evidence." *McGee v. Reliance Standard Life Ins. Co.*, 360 F.3d 921, 925 (8th Cir. 2004). Plaintiff argues that Unum arbitrarily disregarded Ms. Russell's treating physicians' opinions; however, Unum is not obligated to afford any special deference to the opinions of the treating physicians over that of a reviewing physician. *See id*. ("Reliance Standard was not obligated to accord special deference to the opinion of Dr. Canale, the treating physician, over the conflicting opinion of Dr. Fenichel, the reviewing physician.") (*citing Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 123 S.Ct. 1965, 1967 (2003)).

The flaw here is that there was insufficient evidence of the claimed diagnoses and of any limitations her symptoms imposed, besides driving. As the Plaintiff may be reasonably asked to provide objective evidence of her disabling conditions, the lack thereof leaves the Court with no

- 7 -

grounds to overturn the administrator's determination. Accordingly, the Court finds the denial of benefits was not "arbitrary and capricious" as it is supported by more than a scintilla of evidence.

IT IS THEREFORE ORDERED that the Plaintiff's Motion for Judgment on the Record (Dkt. #9) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment (Dkt. #12) treated herein as a Motion for Judgment on the Administrative Record be, and it is hereby, GRANTED.

Dated this 22nd day of August, 2006.

    _/s/ Garnett Thomas Eisele_____
    UNITED STATES DISTRICT JUDGE